LEATRICE K. PECK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Peck v. Commissioner
Docket No. 4861-78.
United States Tax Court
T.C. Memo 1981-188; 1981 Tax Ct. Memo LEXIS 562; 41 T.C.M. (CCH) 1296; T.C.M. (RIA) 81188; April 20, 1981. Leatrice K. Peck, pro se. Theodore F. Brill, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge Murray H. Falk pursuant to the provisions of section 7456(c) of the Internal Revenue Code *563 of 1954, as amended, and General Order No. 6 of this Court, 69 T.C. XV (1976). [1] The Court agrees with and adopts the Special Trial Judge's Opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE FALK, Special Trial Judge: Respondent determined deficiencies of $ 3,784.58 and $ 1,299.47, respectively, in petitioner's 1973 and 1974 Federal income taxes. Petitioner having made concessions, the only issue presented for our determination is whether certain payments she received from her former husband are includable in her income under the provisions of section 71. [2]
FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by reference. Petitioner filed her Federal income tax returns for the taxable years 1973 and 1974 with the Internal Revenue Service Center at Chamblee, *564 Georgia. At the time her petition herein was filed, she resided at Hollywood, Florida. The essential facts are not in dispute. The marriage of petitioner and Sidney J. Peck was dissolved by judgment of a Florida court filed June 30, 1972. Sidney took a timely appeal from certain aspects of that judgment and the appellate court, on February 15, 1974, reversed as to petitioner's alimony. Whereas the lower court ordered Sidney to pay petitioner alimony of $ 1,500 a month, [3] the appellate court held that such award of permanent periodic alimony was an abuse of discretion in light of petitioner's earning capacity and instructed the trial court on remand to terminate such payments but to allow petitioner to retain as rehabilitative alimony the payments made pursuant to the lower court's judgment prior to the date the appellate court's mandate issued. Sidney paid petitioner $ 18,000 in 1973 and $ 5,625 in 1974 for her support pursuant to those court orders. The appellate court's mandate issued after April 1, 1974. OPINION Petitioner *565 lays great emphasis upon the change, pursuant to the appellate court opinion, from "permanent periodic" to temporary "rehabilitative" in the description of the alimony she received from her former husband. Those words, however, are not the legally operative ones in determining the Federal income tax consequences of the payments she received. Section 71(a)(1) provides, in relevant part, that if a wife is divorced from her husband under a decree of divorce, her income includes periodic payments received after such decree in discharge of a legal obligation which, because of the marital relationship, is imposed on or incurred by the husband under the decree. Under section 71(c), "installment payments discharging a part of an obligation the principal sum of which is * * * specified in the decree * * * shall not be treated as periodic payments" (if payable within ten years). Payments are not treated as discharging a part of an obligation to pay a principal sum if (1) their continuation is subject to any of the contingencies of death of either spouse, remarriage of the wife, or change in the economic status of either spouse, and (2) they are in the nature of alimony or an allowance for *566 support. Sec. 1.71-1(d)(3)(i), Income Tax Regs.
We stated in Hesse v. Commissioner, 60 T.C. 685, 691 (1973), affd. without published opinion 511 F.2d 1393 (3d Cir.), cert. denied 423 U.S. 834 (1975): The legislative purpose behind sections 71 and 215 is uniformity of treatment for amounts paid in the nature of alimony, or in lieu of alimony, regardless of variances in the laws of the different States. The regulations promulgated under section 71 provide that such section applies only to payments made because of the family or marital relationship in recognition of the general obligation of support. Payments made in recognition of such obligation are includable in the gross income of the wife under section 71 regardless of the absence of alimony under State law. On the other hand, payments which are in the nature of a division of property are capital in nature, and therefore, not subject to the provisions of section 71 even though periodic and incident to a divorce. Whether the payments in fact represent alimony or are in consideration of an interest in property is a question that turns upon the facts, and not upon any labels that *567 may or may not have been placed upon them. [Citations omitted.] We have given careful consideration to all the relevant evidence in the record in order to determine the purpose of the payments at issue and, on the basis of such consideration, we find that the payments were intended to be, and actually were, in lieu of support and hold that they are includable in petitioner's income. We believe it is significant that the division of the parties' property was fully accomplished in the trial court's judgment independently from the provision for alimony and that the alimony provision was handled independently from all others in the appellate court's opinion. In commenting upon the alimony provision, the appellate court stated: As we view the respective expenses, incomes and productive capacities of the parties, there can be justified at best and most only rehabilitative alimony for a short period, which alimony would afford the wife a more than adequate opportunity to adjust to her new circumstances. As we view it, there is not a hint in either the judgment of the lower court or the appellate court's opinion that the payments in question were intended to compensate petitioner *568 in respect of any property interests of hers of a capital nature. On the contrary, they seem clearly to have been intended as support by the trial court and in lieu of support by the appellate court. Under Florida law, "alimony may be rehabilitative or permanent in nature." Further, "the court may order periodic payments or payments in lump sum or both." Fla. Stat. sec. 61.08 (1971). Thus, it has been said that there are three recognized types of alimony in Florida: The first is permanent periodic alimony which is used generally to provide support from a financially able former spouse to a financially needy former spouse. The second is rehabilitative alimony which is from a financially able former spouse to a financially needy former spouse to assist the needy in adjusting to a new life and to aid in obtaining new skills, education and/or other rehabilitation. Rehabilitative alimony is for a set period of time and ofttimes for a specific purpose such as obtaining a degree or a skill and a return to the labor marketplace. The last recognized form of alimony is called lump-sum alimony and that is generally recognized as an alternative to one of the two *569 foregoing types of alimony and is not for the recognition of a special equity to the receiving former spouse but has been used to balance assets acquired during the marriage between the parties. Kirchman v. Kirchman, 389 So.2d 327, 329-330 (Fla. App. 1980). Permanent alimony for support terminates upon the death or remarriage of the wife. "The same applies * * * to * * * rehabilitative alimony." Kirchman v. Kirchman, supra at 330. The telling fact here is that if petitioner had died or remarried either before or after the opinion of the appellate court was rendered but before its mandate issued, no further payments would have been required of Sidney. That is to say, the payments were for petitioner's support and subject to the contingencies specified in section 1.71-1(d)(3)(i), Income Tax Regs.; not to discharge part of an obligation to pay a principal sum. Further, we think it is obvious that no principal sum was specified in the appellate court's opinion or could be calculated from the face of that decree; i.e., without reference to subsequent events. Respondent's determination must be sustained. In accordance with the foregoing, *570 Decision will be entered for the respondent. Footnotes
1. Pursuant to General Order No. 6, the post-trial procedures set forth in Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable to this case.
2. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
3. Custody and support of the parties' minor children and division of the parties' property was provided for by other provisions in the decree.↩